# IN THE UNITED STATES DISTRICT COURT FOR THE
# NORTHERN DISTRICT OF OKLAHOMA

UNITED STATES OF AMERICA, )
        Plaintiff, )
)   Case No. 13-CR-115-JED
v. )   (16-CV-40-JED)
)
VICTOR ROSS CHAPPELL, )
        Defendant. )

## **OPINION AND ORDER**

**I.    Background**

Before the Court is the motion of defendant, Victor Ross Chappell, under 28 U.S.C. § 2255, to vacate, set aside, or correct sentence (Doc. 64), as amended and supplemented (Doc. 68, 82). In 2014, Chappell pleaded guilty to possession of a firearm and ammunition after felony conviction, in violation of 18 U.S.C. § 922(g)(1). A conviction under § 922(g)(1) would typically carry a maximum 10-year sentence. However, because the presentence investigation report (PSR) determined that Mr. Chappell had more than three prior convictions for violent felonies under 18 U.S.C. § 924(e), he was classified as an Armed Career Criminal, which raised his statutory maximum to life imprisonment and subjected him to a mandatory minimum of 15 years' imprisonment.

The PSR identified eight convictions as predicates for Mr. Chappell's sentencing under the ACCA. Those included six counts of second degree burglary and two counts of eluding a police officer, under Oklahoma law. (PSR at ¶¶ 16, 22, 25, 26, 33, 34). Because of his criminal history and resulting offense level, Chappell faced a range of 168 to 210 months under the Sentencing Guidelines. (*Id.* at ¶ 52). As the ACCA imposed a mandatory minimum sentence of fifteen years,

Mr. Chappell was sentenced to the mandatory minimum of 180 months' incarceration.  Mr. Chappell did not file a direct appeal.

Mr. Chappell was appointed counsel to assist him in his presentation of his § 2255 motion, which was timely filed and was timely supplemented following the Supreme Court's decision in *Johnson v. United States*, 135 S. Ct. 2551 (2015).  In supplemental briefing, Mr. Chappell's counsel also raised the intervening decision in *Mathis v. United States*, __ U.S. __, 136 S. Ct. 2243 (2016), as applied to the six prior second degree burglary convictions.  (*See* Doc. 82).  The issue here is whether *Johnson* and/or *Mathis* impact Chappell's Armed Career Criminal Act (ACCA) designation and sentence.

## II.     Mr. Chappell's claim of ineffective assistance of counsel

Mr. Chappell initially filed his § 2255 motion based upon a claim that his counsel was ineffective for failing to challenge his sentencing under § 924(e) and failing to directly appeal that sentence.  However, an attorney's failure to foresee future legal rulings establishing new rules of law does not amount to ineffective assistance of counsel.  *See United States v. Castillo-Olivas*, 167 F. App'x 71 (10th Cir. 2006) (unpublished) (counsel's failure to anticipate a Supreme Court decision rendered three months after conviction was not ineffective assistance of counsel).  With respect to the balance of Mr. Chappell's ineffective assistance claim, which is that his defense counsel failed to file a direct appeal, his current counsel notes that "vacation of the ACCA sentence would resolve the issue of whether previous counsel was ineffective as to sentencing."  (Doc. 79 at 10, fn.2).  His counsel in this proceeding also notes, correctly, that Mr. Chappell's original motion sought the relief of resentencing without the ACCA enhancement.  (*Id.*, quoting Doc. 64 at 13).  Accordingly, the Court will turn to the legal issues presented by Mr. Chappell's challenge to the ACCA sentence to determine if he is entitled to the requested relief.

**III.    Mr. Chappell's status under the ACCA**

    **A.    The residual clause**

By supplement to his § 2255 motion, Mr. Chappell timely presented a claim under *Johnson*. Before *Johnson*, the ACCA defined "violent felony" as follows:

> "[V]iolent felony" means any crime punishable by imprisonment for a term exceeding one year, or any act of juvenile delinquency involving the use or carrying of a firearm, knife, or destructive device that would be punishable by imprisonment for such term if committed by an adult, that—
>
> (i) has as an element the use, attempted use, or threatened use of physical force against the person of another; or
>
> (ii) is burglary, arson, or extortion, involves use of explosives, or otherwise involves conduct that presents a serious potential risk of physical injury to another.

18 U.S.C. § 924(e)(2)(B). The language of the second part of § 924(e)(2)(B)(ii) – "otherwise involves conduct that presents a serious potential risk of physical injury to another" – is known as the "residual clause." The Supreme Court in *Johnson* held the residual clause to be unconstitutionally vague, in violation of the Due Process Clause of the Fifth Amendment. *Johnson*, 135 S. Ct. at 2556-57.

Two of Mr. Chappell's prior convictions – those for eluding police – fall under the residual clause. The government agrees that Mr. Chappell's prior convictions for eluding police "likely no longer qualify as crimes of violence for ACCA purposes." (Doc. 77 at 10). The Court agrees, based upon the reasoning in *United States v. Snyder*, 793 F.3d 1241, 1245-46 (10th Cir. 2015), which was decided soon after *Johnson* and vacated an ACCA sentence that was based on a predicate offense of attempted aggravated eluding police.

With respect to Mr. Chappell's six second degree burglary predicate offenses, *Johnson* did "not call into question application of the [ACCA] to the four enumerated offenses [burglary, arson,

3

extortion, or acts involving use of explosives] or the remainder of the Act's definition of a violent felony." *Id.* at 2563. Those burglaries were utilized to sentence him under the enumerated offenses clause, which expressly defines "burglary" as a "violent felony," rather than under the residual clause which the *Johnson* Court determined to be unconstitutionally vague. *See* 18 U.S.C. § 924(e)(2)(B)(ii). Accordingly, the enumerated offenses clause will be discussed below.

## B. The enumerated offenses clause

Six of the felonies that supported Mr. Chappell's ACCA sentencing enhancement were considered violent felonies under the enumerated offenses clause of § 924(e)(2)(B)(ii), which expressly identifies "burglary, arson, or extortion, [or crimes involving] use of explosives" as meeting the definition of violent felonies. *See* 18 U.S.C. § 924(e)(2)(B)(ii). Following Mr. Chappell's conviction and sentencing, the Supreme Court decided *Mathis v. United States*, __ U.S. __, 136 S. Ct. 2243 (2016), with respect to predicate burglary offenses utilized to sentence a defendant under the ACCA. In *Mathis*, the Supreme Court reiterated that the ACCA's enumerated offenses clause refers only to "generic" versions of the listed offenses, not to every variation of those crimes that may have been committed under a state's law. 136 S. Ct. at 2248. Sentencing courts are supposed to apply the categorical approach to determine whether the statute of conviction for one of the ACCA's listed offenses (including burglary, which is at issue here), qualifies as a "violent felony." *Id.*

The categorical approach involves comparing the elements of the crime of conviction with the elements of the "generic" version of the offense. *Id.* at 2247. A prior conviction qualifies as an ACCA predicate "if, but only if, its elements are the same as, or narrower than, those of the generic offense." *Id.* Under that approach, the sentencing court is to ignore the "particular facts of the case" and look at whether the elements of the statute of conviction sufficiently match the

4

elements of the generic crime. *Id.* If the state burglary statute "covers any more conduct than the generic offense, then it is not an ACCA 'burglary' – even if the defendant's actual conduct (i.e. the facts of the crime) fits within the generic offense's boundaries." *Id.*

In *Mathis*, the Supreme Court rejected the lower courts' application of the modified categorical approach in examining an Iowa burglary statute that defined burglary to include unauthorized entrance into an "occupied structure," which was separately defined to include any "building," "structure," "land, water or air vehicles," or "similar place." *See* Iowa Code § 702.12 (quoted in *Mathis*, 136 S. Ct. at 2259). Based on the list of occupied structures, the Iowa district court had reviewed the charging documents and determined that the defendant was convicted of burglarizing structures, rather than vehicles and thus imposed sentencing under the ACCA. *Mathis*, 136 S. Ct. at 2250. On appeal, the Eighth Circuit affirmed, after concluding that the Iowa burglary statute's list of alternate types of "occupied structure" were separate elements, each part of a different crime, such that the sentencing court could use the modified categorical approach to examine charging and other documents and determine which crime was the crime of conviction. *Id.* at 2251. Based on that modified categorical approach and examination of the charging documents, the Eight Circuit affirmed the ACCA sentencing based on the burglaries.

The Supreme Court noted that the Eighth Circuit "thought nothing changed if structures and vehicles were not distinct elements but only alternative means . . . to fulfilling an element," as the Circuit determined that both required the application of the modified categorical approach. *Id.* According to the Supreme Court, the Eight Circuit's decision "added to a Circuit split over whether ACCA's general rule – that a defendant's crime of conviction can count as a predicate only if its elements match those of a generic offense – gives way when a statute happens to list various means by which a defendant can satisfy an element." *Id.* The Supreme Court granted certiorari "to resolve

5

that division." *Id.* The Court in *Mathis* noted that the Sixth and Tenth Circuits had, like the Eight Circuit, approved of the application of the modified categorical approach where a state statute was considered to include means by which a defendant can satisfy an element. *See id.*, fn. 1 (citing *United States v. Trent*, 767 F.3d 1046 (10th Cir. 2014)).

In rejecting the application of the modified categorical approach to statutes that list means of committing a crime, the Supreme Court noted that the "underlying brute facts or means" by which the defendant committed the crime should not be considered, because the mismatch of elements to the generic offense saves the defendant from an ACCA sentence. *Mathis*, 136 S. Ct. at 2251. That is because of the Supreme Court's prior determination that a sentencing judge must look only to "the elements of the [offense], not the facts of [the] defendant's conduct." *Id.* Thus, the Supreme Court reversed because "the elements of Mathis's crime of conviction (Iowa burglary) cover a greater swath of conduct than the elements of the relevant ACCA offense (generic burglary)," resolving the case. *Id.* at 2251.

Since *Mathis* was decided, the Tenth Circuit has stated that the Oklahoma second degree burglary statute – *Okla. Stat.* tit. 21, § 1435 – "covers more conduct than generic burglary does," just as the Iowa burglary statute that was at issue in *Mathis*. *See United States v. Taylor*, 672 F. App'x 860, 863 (10th Cir. 2016) (unpublished).[1] And the Tenth Circuit has stated that, *"[b]ecause the Oklahoma statute defines burglary more broadly than generic burglary, [a defendant's]*

---

[1] Oklahoma's second degree burglary statute provides that:

> Every person who breaks and enters any building or any part of any building, room, booth, tent, railroad car, automobile, trailer, vessel or other structure or erection, in which any property is kept, or breaks into or forcibly opens, any coin-operated or vending machine or device with intent to steal any property therein or to commit any felony, is guilty of burglary in the second degree.

*Okla. Stat.* tit. 21, § 1435.

6

*convictions under the Oklahoma [burglary] statute 'cannot give rise to an ACCA sentence.'" Id.* (quoting *Mathis*, 136 S. Ct. at 2257) (emphasis added). As a result, the Circuit has said that it would be "reversible error" for a sentencing court to apply the modified categorical approach in analyzing convictions under the Oklahoma second degree burglary statute. *Id.*

The judges in this District have consistently applied the categorical approach to second degree burglary convictions under Oklahoma law and determined that such convictions no longer qualify as violent felonies in light of *Mathis*. *See, e.g., United States v. Alexander*, No. 08-CR-79-CVE, 2017 WL 3881765 (N.D. Okla. Sept. 5, 2017); *United States v. Bias*, No. 13-CR-105-JED, 2017 WL 3326457 (N.D. Okla. Aug. 3, 2017); *United States v. Hamilton*, 235 F. Supp. 3d 1229 (N.D. Okla. 2017). In light of the foregoing, Mr. Chappell's six Oklahoma second degree burglary convictions no longer qualify as ACCA predicate violent felonies.

## IV. Conclusion

Mr. Chappell's eight felony convictions under Oklahoma law no longer qualify as predicate violent offenses for ACCA enhancement. Mr. Chappell was sentenced based on inclusion of those eight felonies as predicates, which incorrectly resulted in application of a fifteen-year mandatory minimum sentence, rather than a ten-year maximum sentence. As a result, Mr. Chappell's motion to vacate, set aside, or correct sentence pursuant to 28 U.S.C. § 2255 (Doc. 64), as supplemented (Doc. 68, 82), is hereby **granted**. His judgment and commitment (Doc. 50) is **vacated**, and this case is **set for a resentencing hearing on January 11, 2018 at 10:30 a.m.** The United States Marshal is directed to expeditiously arrange for the transportation of Mr. Chappell to this Court for his resentencing hearing. This setting may be accelerated if Mr. Chappell has been transported to this District and the parties have no objections to a revised PSR.

SO ORDERED this 13th day of December, 2017.

JOHN E. DOWDELL
UNITED STATES DISTRICT JUDGE